UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARRET HOLT BERGERON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2144** |
| **TERREBONNE PARISH SHERIFF'S DEPARTMENT, ET AL.** | **SECTION: "G"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Twenty inmates at the Terrebonne Parish Jail joined together to file this federal civil rights action challenging the adequacy of the jail's response to the COVID-19 pandemic. However, the following six inmates neither paid the required filing fee nor applied to proceed *in forma pauperis*: Seth Lionel Bilbo; Juan Kieth Johnson; Lakeem Nolan; Lee A. Ruffin; Albert Stadium; and Dixon Adrian Vega-Ortiz. Therefore, on September 3, 2020, the undersigned United States Magistrate Judge issued orders directing those six plaintiffs to pay their filing fees or submit completed pauper applications on or before September 25, 2020. Those plaintiffs were expressly warned that if they failed to comply with those orders, the undersigned would recommend that their claims be dismissed.[1] Copies of those orders were sent to those plaintiffs both at the Terrebonne Parish Jail, their address of record, and to the alternate home addresses each listed in the complaint. The plaintiffs did not respond.

In light of the foregoing, it is appropriate to dismiss the claims of those six plaintiffs for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v.

---

[1] Rec. Docs. 34, 35, 36, 37, 38, and 39. Although the remaining fourteen plaintiffs have been granted pauper status in this proceeding, that fact does not aid those six plaintiffs, because **each** individual prisoner is responsible for the filing fee for his participation in a civil action. See Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001); see also Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004).

Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because the plaintiffs are proceeding *pro se*, the Court need only consider their conduct in determining whether dismissal is proper under Rule 41(b). Here, dismissal is appropriate because Seth Lionel Bilbo, Juan Kieth Johnson, Lakeem Nolan, Lee A. Ruffin, Albert Stadium, and Dixon Adrian Vega-Ortiz did not comply with the order that they pay their required filing fees or submit applications to proceed as paupers by September 25, 2020.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the claims asserted by **Seth Lionel Bilbo, Juan Kieth Johnson, Lakeem Nolan, Lee A. Ruffin, Albert Stadium,** and **Dixon Adrian Vega-Ortiz** be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.[2]

New Orleans, Louisiana, this __2nd__ day of October, 2020.

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] **This recommendation is not in any way intended to impact the claims asserted by the remaining plaintiffs who have been granted permission to proceed *in forma pauperis*.**