## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GARRET HOLT BERGERON, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                          **NO. 20-2144**

**TERREBONNE PARISH SHERIFF'S**                     **SECTION: "G"(3)**
**DEPARTMENT, ET AL.**

### REPORT AND RECOMMENDATION

Twenty inmates at the Terrebonne Parish Criminal Justice Complex joined together to file this civil action pursuant to 42 U.S.C. § 1983 to challenge the adequacy of the jail's response to the COVID-19 pandemic. On December 22, 2020, the claims asserted by six of those inmates, namely Seth Lionel Bilbo, Juan Kieth Johnson, Lakeem Nolan, Lee A. Ruffin, Albert Stadium, and Dixon Adrian Vega-Ortiz, were dismissed for failure to prosecute because they did not comply with the Court's order that they either pay their required filing fee or submit applications to proceed as paupers.[1] The undersigned United States Magistrate Judge now makes the following recommendations concerning the claims asserted by the remaining defendants.

### I.  Norlan Alexis Ruiz-Perez

The claims of plaintiff Norlan Alexis Ruiz-Perez should be dismissed for failure to prosecute because he has failed to meet his obligation to keep the Court apprised of his current address and, as a result, his whereabouts are currently unknown.

At the time the instant complaint was filed, Ruiz-Perez was incarcerated at the Terrebonne Parish Criminal Justice Complex; however, he is no longer at that facility. In addition, unlike

---

[1] Rec. Doc. 71.

many of his fellow plaintiffs in this lawsuit, Ruiz-Perez did not list an alternate address in the complaint.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to Ruiz-Perez at the Terrebonne Parish Criminal Justice Complex, his address of record, was returned by the United States Postal Service as undeliverable.[2]

In light of the foregoing, it is appropriate to dismiss Ruiz-Perez's claims for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[2] Rec. Docs. 44, 45-1, 46-4, 50-2, 51-2, 53, 58-2, 59-1, 60, 66-2, 67-2, and 68-1. More recent mailings to him at that address were likewise returned as undeliverable. Rec. Docs. 73-3 and 75.

Because Ruiz-Perez is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal of his claims is proper under Rule 41(b).  Here, Ruiz-Perez has failed to provide the Court with his current address in violation of this Court's Local Rules, did not provide an alternate address in the complaint, and mail sent to him at his address of record has been returned as undeliverable.  Due solely to his failure, his whereabouts are unknown, and this Court has no way to contact him.  Accordingly, his claims should be dismissed for failure to prosecute.

## II.  Garret Holt Bergeron, Derek Bergeron, Lloyd J. Voison, Jr., Jacolby Ronija Harris, Sr., Shawn David Shearer, Noel Durkins, Zachary Davis, Patrick Ryan Ledet, Dale E. Williams, Ferdinand Mathieu, Ellis Duplantis, Gabriel Mathew Savoie, and Victor O. Jones

The remaining thirteen plaintiffs are:  Garret Holt Bergeron; Derek Bergeron; Lloyd J. Voison, Jr.; Jacolby Ronija Harris, Sr.; Shawn David Shearer; Noel Durkins; Zachary Davis; Patrick Ryan Ledet; Dale E.  Williams; Ferdinand Mathieu; Ellis Duplantis; Gabriel Mathew Savoie; and Victor O. Jones.  Those plaintiffs were granted pauper status in this lawsuit; further, either they are still currently incarcerated at the Terrebonne Parish Criminal Justice Complex or, if they have been released, they provided alternate addresses in their complaint.  Therefore, their claims are not subject to dismissal for the same reasons as noted with respect to the other seven original plaintiffs.  Nevertheless, before their claims can be allowed to proceed, those claims must first survive the preliminary screening mandated in federal law.

With respect to *in forma pauperis* actions, such as this one, federal law provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …

(i)      is frivolous or malicious;
(ii)     fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, separate but similar screening provisions also apply to lawsuits, such as this one, filed by prisoners.  For example, federal law provides:

**(a) Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

**(c) Definition.** – As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.  Yet another provision of federal law likewise requires:

The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a *sheer possibility* that a defendant has acted unlawfully. Where a complaint pleads facts that are *merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.*

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added; citations and quotation marks omitted).

For the following reasons, the remaining plaintiffs' claims, as currently stated, cannot survive those screening provisions.

In this lawsuit, the plaintiffs state their claims as follows:

1. In April of 2020 Terrebonne Parish Criminal Justice Complex released over 200 inmates with minor non-violent offenses during Phase #1 State Qurentene. In July

2020 we are back under Phase #1 State Qurentene due to covid-19 but refuse to release minor non violent offenders under the same conditions – Are there lives more vaulable than ours?

2.) All 20 plaintiffs have been placed in an intake dorm (and letter marked as a qurentene dorm) with people coming in and out from the streets without being tested for Covid-19 placing all 20 plaintiffs at risk of exposure, infection leading to death.

3) Refusal to test new inmates coming in for Covid-19 leaving us at risk of exposure & Death.

4.) Upon intake procedures into the jail, all inmates have been given a paper type mask to prevent Covid-19 from spreading. These mask have become worn & damaged over time and the facility has refused to give out replacements.

5.) The facility has not complied, when moving inmates, social distancing.

6.) Two inmates were in the medical area from our dorm (D-800) Gabriel Savoie & Jerry Cadire were sitting between a confirmed case of someone infected with Covid-19. Those two inmates were then brought back to our dorm and are still in our dorm to this day, brining everyone listed in this suite to exposure, possible infection and even death.

7.) Also in our dorm we have inmates at high risk of exposure such as Age, heart diease, respiratory problems with nothing done to prevent exposure.[3]

Obviously, all of those claims involve the propriety of the actions taken at the Terrebonne Parish Criminal Justice Complex ("TPCJC") in response to the COVID-19 pandemic. However, even if the Court assumes for the purposes of this decision that some or all of the foregoing allegations might be actionable under § 1983, a number of the defendants named in this lawsuit nevertheless simply cannot held be liable for the purported constitutional violations because they play no role in the running of the TPCJC.

---

[3] Rec. Doc. 1, pp. 13-14.

For example, the plaintiffs have sued the Governor of Louisiana and the Secretary of the Louisiana Department of Public Safety and Corrections.  However, Louisiana law provides that "[e]ach *sheriff* shall be keeper of the public jail of his parish ...." La. Rev. Stat. Ann. §§ 13:5539(C) and 15:704 (emphasis added).  Therefore, as a parish jail, the TPCJC is run by the Sheriff of St. Tammany Parish, *not* the governor or secretary.  Because the governor and secretary have no authority over the operations of TPCJC or its employees, they simply cannot be held legally liable for the facility's conditions or the actions or inactions of its personnel.  See Galo v. Blanco, Civ. Action No. 06-4290, 2006 WL 2860851, at *2-3 (E.D. La. Oct. 4, 2006); see also Fairley v. Stalder, 294 F. App'x 805, 811-12 (5th Cir. 2008).

The Terrebonne Parish President, who has also been named as a defendant herein, is likewise an improper defendant.  While it is true that a parish governing authority bears some measure of responsibility for its parish jail, that role is limited to the *financing and physical maintenance* of the jail; the governing authority plays no role in the day-to-day *operation* of the parish jail.  See Arce v. Louisiana, 226 F. Supp. 3d 643, 649 (E.D. La. 2016); Fairley, 294 F. App'x at 812; Galo, 2006 WL 2860851 at *2;  see also Louisiana Rev. Stat. Ann. §§ 15:702 ("The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons.") and 33:4715 ("The police jury of each parish shall provide … a good and sufficient jail …").  Because the claims asserted by the plaintiffs in the instant case do not concern the funding or physical maintenance of the TPCJC, neither the parish governing authority nor, by extension, the parish president would be a proper defendant with respect to those claims.  See Corteaux v. Larpenter, Civ. Action No. 19-13173, 2020 WL 2771755, at *6-7 (E.D. La. Apr. 27, 2020), adopted, 2020 WL 2769877 (E.D. La. May 28, 2020).

For these reasons, the plaintiffs' claims against the Governor of Louisiana, the Secretary of the Louisiana Department of Public Safety and Corrections, and the Terrebonne Parish President are not viable and should be dismissed.

The only remaining defendants named in this action are the Terrebonne Parish Sheriff's Department ("TPSD"), the unidentified sheriff of Terrebonne Parish, and the unidentified warden of the TPCJC. Of those three defendants, TPSD is also clearly improper, because, simply put, "a sheriff's office is not a legal entity capable of being sued...." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); accord Ross v. Waitz, Civ. Action No. 18-8731, 2019 WL 361398, at *3 (E.D. La. Jan. 8, 2019), adopted, 2019 WL 351496 (E.D. La. Jan. 29, 2019); Hite v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 16-13828, 2016 WL 6892810, at *3 (E.D. La. Oct. 24, 2016), adopted, 2016 WL 6876660 (E.D. La. Nov. 22, 2016); Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); Francois v. Jefferson Parish Sheriff's Office, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued."). Therefore, the claims against the TPSD should likewise be dismissed.

The same, however, is not necessarily true of the claims asserted against the sheriff and warden. Those individuals *could* perhaps be proper defendants with respect to the claims herein, *if* the plaintiffs were to allege a proper factual basis for such liability. For example, the sheriff and/or warden could be held liable if (1) they were *personally involved* in the actions and inactions

alleged in the complaint,[4] (2) the purported violations *resulted from their failure to train or supervise* their subordinates,[5] or (3) they are *policymakers* and the purported violations *resulted from one or more of their policies or customs*.[6]

However, it cannot be fairly said that the complaint's allegations, as currently stated, adequately allege (1) the personal involvement of sheriff or warden, (2) a failure to train or supervise, or (3) the existence of a policy or custom which resulted in a violation of the plaintiffs' constitutional rights. Nevertheless, because the plaintiffs could perhaps properly allege a claim against the sheriff and/or warden in an amended pleading, the Court should not be too quick to dismiss the claims against those defendants. It must be remembered that the plaintiffs are proceeding *pro se*, and, "[g]enerally, … a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." Brewster v. Dretke, 587 F.3d 764, 768-69 (5th Cir. 2009). While affording such a plaintiff an opportunity to amend is not required "if [he] has already pleaded his 'best case,'" id. at 769, it is not beyond peradventure that these plaintiffs have in fact done so here. Accordingly, the undersigned recommends that the remaining plaintiffs be given an appropriate period of time to file an amended complaint which both (1) properly identifies the

---

[4] See, e.g., Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.")

[5] See, e.g., Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) ("A sheriff not personally involved in the acts that deprived the plaintiff of his constitutional rights is liable under section 1983 if:  1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.").

[6] "The Supreme Court has stated that suits against government actors in their official capacity simply represent an alternative way of seeking relief against the entity of which an officer is an agent." Clark v. Thibodaux City, 787 F. App'x 198, 202 (5th Cir. 2019). Accordingly, a court treats an official-capacity claim as one against the governmental entity the official serves, and such claims therefore require that the alleged violation resulted from a policy of custom of the defendant. Id. Moreover, under this theory of liability, a plaintiff must *identify* that policy or custom. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel, 2009 WL 5125465, at *3.

unidentified sheriff and warden and (2) sets forth adequate factual allegations to state a plausible claim or claims against those defendants.

### III. "Request for an Emergency Judgement Due to Covid-19," Rec. Doc. 40

Lastly, the Court notes that one of the plaintiffs, Lloyd J. Voisin, Jr., has filed what he styles as "Request for an Emergency Judgement Due to Covid-19." Rec. Doc. 40. However, for the reasons explained herein, it has not yet even been established that a viable claim has been stated against any named defendant, much less that a favorable judgment is warranted. Accordingly, that motion should be denied.

### RECOMMENDATION

It is therefore **RECOMMENDED** that the claims asserted by **Norlan Alexis Ruiz-Perez** be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

It is **FURTHER RECOMMENDED** that the claims asserted by the remaining plaintiffs[7] against the Governor of Louisiana, the Secretary of the Louisiana Department of Public Safety and Corrections, and the Terrebonne Parish Sheriff's Department be **DISMISSED WITH PREJUDICE** as frivolous and/or failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that the remaining plaintiffs[8] be granted leave to file an amended complaint with respect to their claims against the Sheriff of Terrebonne Parish and the Warden of the Terrebonne Parish Criminal Justice Complex within sixty days.

---

[7] Those remaining plaintiffs are: Garret Holt Bergeron; Derek Bergeron; Lloyd J. Voison, Jr.; Jacolby Ronija Harris, Sr.; Shawn David Shearer; Noel Durkins; Zachary Davis; Patrick Ryan Ledet; Dale E. Williams; Ferdinand Mathieu; Ellis Duplantis; Gabriel Mathew Savoie; and Victor O. Jones.

[8] Again, those remaining plaintiffs are: Garret Holt Bergeron; Derek Bergeron; Lloyd J. Voison, Jr.; Jacolby Ronija Harris, Sr.; Shawn David Shearer; Noel Durkins; Zachary Davis; Patrick Ryan Ledet; Dale E. Williams; Ferdinand Mathieu; Ellis Duplantis; Gabriel Mathew Savoie; and Victor O. Jones.

It is **FURTHER RECOMMENDED** that the "Request for an Emergency Judgement Due to Covid-19," Rec. Doc. 40, be **DENIED**.

It is **FURTHER RECOMMENDED** that this matter remain referred to the undersigned United Magistrate Judge for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __11th__ day of January, 2021.

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**